IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARRYL J. MOORE )
)
v. ) No. 3:14-0247
) Judge Campbell/Bryant
WARDEN, Lois M. DeBerry Special )
Needs Facility )

To: The Honorable Todd Campbell, District Judge

## REPORT AND RECOMMENDATION

This habeas corpus petition is before the undersigned for resolution of all non-dispositive motions, and to recommend disposition of all dispositive motions and the petition. (Docket Entry No. 22) Currently pending is petitioner's motion for leave to amend the petition (Docket Entry No. 37), to which respondent has filed a response in opposition (Docket Entry No. 39). For the reasons given below, the Magistrate Judge recommends that the motion to amend be GRANTED in part, so as to allow amendment for purposes of supplementing the claims of the original petition, and DENIED in part, so as to disallow amendment for purposes of adding new claims.

### I. Statement of the Case

Petitioner filed his original, pro se petition and a memorandum in support on January 30, 2014. (Docket Entry Nos. 1 & 2) In that petition, four claims for relief were asserted:

(1) "Trial court erred in denying Motion to Suppress Electronic Surveillance Evidence in this

case due to the illegal issuance of the wiretaps in violation of Petitioner's due process and TCA 40-6-304(a)(3), and Title III 18 U.S.C. 2518(1)(c)";

(2) Ineffective assistance of trial counsel, based on counsel's failure to request a Franks hearing[1];

(3) Ineffective assistance of trial counsel, based on "[t]rial counsel's failure to properly argue wiretapping suppression motions"; and

(4) Error of the trial court in applying consecutive sentencing for the crimes of conviction.

By order entered February 18, 2014, the Court denied petitioner's motion for appointment of counsel and directed respondent to respond to the petition. (Docket Entry No. 9) After respondent's filing of his answer to the petition and the technical record, petitioner retained counsel (Docket Entry No. 20), and counsel requested at least ninety days in which to file a reply to respondent's answer (Docket Entry No. 21). The Court granted this request, and gave petitioner "until September 16, 2014 in which to file whatever response to the Answer that he may deem appropriate." (Docket Entry No. 22) Petitioner thereafter requested and received five extensions of his response deadline without opposition from respondent, before filing his Motion for Leave to Amend Petition for Writ of Habeas Corpus on December 31, 2015. (Docket Entry No. 37) In support of this motion, petitioner filed his proposed Amended Petition. (Docket Entry No. 38) The proposed Amended Petition "explicitly supplements and does not abrogate any of the assertions and claims contained in the [pro se] Petition or Memorandum." Id. at 1. The proposed Amended

---

[1] An evidentiary hearing to determine the integrity of the affidavit testimony submitted by law enforcement in support of the application for a search warrant, which follows from the criminal defendant's attack on the facially valid search warrant by way of an offer of proof establishing a foundation for allegations that the warrant was procured through assertions by law enforcement that were either deliberately false, or made with reckless disregard for the truth. Franks v. Delaware, 438 U.S. 154 (1978).

Petition contains the following claims for relief:

(1) "Petitioner is incarcerated due to a violation of section 2515 of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 *et seq.*";

(2) "In violation of the Sixth and Fourteenth Amendments to the United States Constitution, Petitioner was denied the effective assistance of trial counsel";

(3) "In violation of the Sixth and Fourteenth Amendments to the United States Constitution, Petitioner was denied the effective assistance of appellate counsel";

(4) "In violation of the Sixth and Fourteenth Amendments to the United States Constitution, Petitioner was denied the effective assistance of post-conviction counsel"; and,

(5) "The cumulative effect of the errors at the trial court level, on direct appeal, and during post-conviction proceedings as set forth supra render Petitioner's conviction and sentence unconstitutional in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution."

In its response to the motion to amend, respondent states that it does not oppose the motion "to the extent that the amended petition merely supplements the claims from the pro se petition and the court narrowly construes the amendment as a response to the respondent's answer." (Docket Entry No. 39 at 1) However, as to the new claims sought to be added by the amendment (claims 3, 4, and 5 of the proposed Amended Petition), respondent argues that leave to amend should be denied because adding the new claims would be futile, due to their untimeliness, procedural default, or the fact that they are not cognizable. Petitioner has not filed a reply to these arguments.

## II. Conclusions of Law

Section 2242 of Title 28 provides that a habeas corpus petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions."

3

28 U.S.C. § 2242. Rule 15(a) of the Federal Rules of Civil Procedure states that where, as here, twenty-one days have passed following the filing of a responsive pleading, the original pleading may be amended "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). In deciding whether justice requires that amendment be allowed, the Court should consider factors including, e.g., whether the amendment would be futile. Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998) (quoting Brooks v. Celeste, 39 F.3d 125, 130 (6th Cir. 1994)). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000).

Respondent contends that the new claims of the proposed Amended Petition would be subject to dismissal due to their untimeliness. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations is applicable to habeas corpus petitions filed under 28 U.S.C. § 2254. As pertinent here, this statute of limitations (codified at 28 U.S.C. § 2244(d)) provides that the limitations period shall run from "the date on which the judgment became final by the conclusion of direct review," but shall be tolled during "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(1)(A), (2). The timeliness of any new claims asserted in the proposed Amended Petition is accurately calculated in respondent's opposing brief, as follows:

> Here, the Tennessee Supreme Court denied the petitioner's direct appeal application on February 22, 2010. *State v. Moore*, No. M2008-00518-SC-R11-CD, 2010 Tenn. LEXIS 191 (Feb. 22, 2010). The United States Supreme Court denied certiorari October 4, 2010, at which time the statute of limitations

4

> commenced. (D.E. 1 at 10 ¶h.) The limitations period ran for 112 days until January 24, 2011, when the petitioner filed a petition for post-conviction relief in state court. (D.E. 1 at 10.) The limitations period tolled until the Supreme Court of Tennessee denied review of post-conviction proceedings on January 15, 2014. *Moore v. State*, No. M2012-01707-SC-R11-PC, 2014 Tenn. LEXIS 41, at *1 (Jan. 15, 2014). The limitations period expired 253 days later, on September 25, 2014. While the petitioner filed his pro se federal habeas petition January 30, 2014 (D.E. 1), this did not toll the limitations period or prevent it from expiring on September 25, 2014. *See Duncan v. Walker*, 533 U.S. 167, 180 (2001). Thus, the newly asserted claims in the amended petition filed December 31, 2015, are untimely by more than a year.

(Docket Entry No. 39 at 4-5) Accordingly, the newly asserted claims are subject to dismissal as untimely, and therefore futile, unless they are deemed to relate back to the date of the original petition because they "arose out of the conduct, transaction, or occurrence set out -- or attempted to be set out -- in the original [petition]." Fed. R. Civ. P. 15(c)(1)(B).

In 2005, the U.S. Supreme Court took up the issue of "the meaning of Federal Rule of Civil Procedure 15(c)[(1)(B)]'s relation-back provision in the context of federal habeas proceedings and AEDPA's one-year statute of limitations." Mayle v. Felix, 545 U.S. 644, 656 (2005). In Mayle, the Court ruled that a new claim raised by amendment after the expiration of the statute of limitations did not arise out of the same conduct, transaction, or occurrence described in the original petition simply because it arose out of the same trial, conviction, or sentence, noting that "AEDPA's limitation period would have slim significance" if relation back were allowed on such a capacious construction of the rule. Id. at 662-63. Rather, the Court held that "[a]n amended habeas petition ... does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set

5

forth." Id. at 650.  It is only when "the original and amended petitions state claims that are tied to a common core of operative facts [that] relation back will be in order." Id. at 664.

Turning to the new claims of the proposed Amended Petition, it is clear that they differ in time and type from the timely claims of the original petition.  Petitioner's timely claim for ineffective assistance of trial counsel is based on counsel's failure to request a Franks hearing and the improper arguing of his motion to suppress the wiretaps.  (Docket Entry No. 1 at 13, 15; Docket Entry No. 2 at 7-13)  Petitioner seeks to add ineffective assistance claims based on (1) the failure of his appellate counsel (who also represented him at trial) to brief a "controlling Sixth Circuit case" to the Tennessee Court of Criminal Appeals (Docket Entry No. 38 at 65-66); and, (2) the failure of his post-conviction counsel to present all claims of ineffective assistance of counsel at trial or on appeal.  These new claims are obviously addressed to different times -- indeed, entirely different phases of the state court litigation --  than the claims of the original petition.  They are furthermore of a different type than those claims which are raised in the original petition and supplemented by the arguments contained in the second claim of the proposed Amended Petition (Docket Entry No. 38 at 67-73), as they address errors of omission in inadequately advancing petitioner's arguments on appeal, versus the fundamental mistakes alleged to have been made before the trial court, where counsel allegedly pursued avenues of contesting the government's proof through which petitioner had no standing to be heard, and failed to pursue a hearing which represented the best method for attacking the validity of the search warrants executed upon petitioner.  These new ineffective assistance claims do not stem from a core of operative facts held in common with the original claims, and so do not relate back to the date of filing of the timely, original petition.  The motion to add these claims by amendment to the petition

should therefore be denied on grounds of futility.

Moreover, as to the new claim that petitioner's post-conviction counsel was ineffective "[i]n violation of the Sixth and Fourteenth Amendments to the United States Constitution, *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), and *Sutton v. Carpenter*, 745 F.3d 787 (6th Cir. 2014)" (Docket Entry No. 38 at 76), these authorities do not support the existence of any free-standing right to effective assistance of counsel in state post-conviction proceedings:

> In *Coleman v. Thompson*, the Court stated in no uncertain terms: "There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman*, 501 U.S. at 752 (citations omitted). The Supreme Court's recent rulings in *Martinez* and *Trevino* did not relax or abrogate that part of *Coleman*'s holding. Thus, because the petitioner is not constitutionally guaranteed the assistance of counsel in post-conviction proceedings, he is not entitled to relief on [that] basis....

D'Antonio v. Carpenter, 2014 WL 3015874, at *20 (M.D. Tenn. July 3, 2014).

Finally, regarding the new claim that "[t]he cumulative effect of the errors at the trial court level, on direct appeal, and during post-conviction proceedings as set forth *supra* render Petitioner's conviction and sentence unconstitutional in violation of the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution" (Docket Entry No. 38 at 77), "'[t]he law of this Circuit is that cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue.'" March v. McAllister, 573 F. App'x 450, 457 n.5 (6th Cir. July 21, 2014) (quoting Williams v. Anderson, 460 F.3d 789, 816 (6th Cir. 2006)); see also Sheppard v. Bagley, 657 F.3d 338, 348 (6th Cir. 2011) (post-AEDPA, the claim that cumulative error rendered the trial fundamentally unfair is not cognizable) (citing Moore v. Parker, 425 F.3d 250, 256 (6th Cir. 2005)).

7

In sum, the undersigned concludes that the Amended Petition (Docket Entry No. 38) should be allowed as a supplement to the original, pro se petition, and that the arguments contained therein should be considered along with the counter-arguments contained in respondent's response brief (Docket Entry No. 39) as they bear upon disposition of those claims, but that the new claims of the Amended Petition should be disallowed as explained above.

### III. Recommendation

In light of the foregoing, the Magistrate Judge recommends that petitioner's motion for leave to amend be GRANTED in part, so as to allow amendment for purposes of supplementing the claims of the original petition, and DENIED in part, so as to disallow amendment for purposes of adding new claims.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

**ENTERED** this 5th day of August, 2016.

         s/ John S. Bryant  
         JOHN S. BRYANT  
         UNITED STATES MAGISTRATE JUDGE